USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ALLIANZ GLOBAL CORPORATE &
SPECIALTY,

          Plaintiff,

    -v-

MSC "MONETEREY", her engines, tackle,
boilers, etc. *in rem*.; MEDITERRANEAN
SHIPPING COMPANY (USA) INC.; MSC
MEDITERRANEAN SHIPPING COMPANY,
S.A.; PORT NEWARK CONTAINER
TERMINAL; PORTS AMERICA; OM LOG
(USA) INC.,

          Defendants.

----------------------------------------------------------X

No. 13-cv-7563-RA

MEMORANDUM OPINION AND
ORDER

RONNIE ABRAMS, United States District Judge:

  Plaintiff Allianz Global Corporate & Specialty, as subrogee and assignee of KTS International ("KTS"), brings this contract and tort action against MSC "MONTEREY," her engines, tackle, boilers, etc. *in rem*; Mediterranean Shipping Company (USA), Inc.; MSC Mediterranean Shipping Company, S.A.; Port Newark Container Terminal; Ports America; and OM Log (USA), Inc. ("OM Log").[1] Plaintiff invokes the Court's admiralty jurisdiction under 28 U.S.C. § 1333(1) and supplemental jurisdiction under 28 U.S.C. § 1367(a). Before the Court is OM Log's motion to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the foregoing reasons, the motion is granted in its entirety.

---

[1] This action is one of fifteen involving alleged water damage to cargo stored at the Port Newark Container Terminal ("PNCT") during Hurricane Sandy that have been consolidated under docket number 13-cv-7004.

## BACKGROUND

This action arises out of alleged damage to perfume products shipped from La Spezia, Italy to the Port Newark Container Terminal in Newark, New Jersey aboard the MSC Monterey Voyage 1240A. (Am. Compl. ¶ 15.) According to the Amended Complaint, "the shipment was discharged at the Port Newark Container Terminal on or about October 27, 2012." (Id. ¶ 16.) The shipment was allegedly "in good order and condition at the place of origin" but was in damaged condition "at the time of and/or upon discharge from [D]efendants' facilities" after the arrival of Hurricane Sandy on or about October 29, 2012. (id. ¶¶ 17, 19.) With respect to the shipment, Plaintiff alleges that OM Log "was responsible for freight forwarding services, including selection of ocean carrier and vessel, coordinating the transport of cargo to the vessel, and making arrangements for the receiving, clearance, and delivery of cargo to consignee." (Id. ¶ 8.)

## PROCEDURAL HISTORY

On January 21, 2014, OM Log filed a motion to dismiss the original Complaint for failure to state a claim under Rule 12(b)(6). (Dkt. 20.) Allianz amended the Complaint, (dkt. 28), after which, on February 21, 2014, OM Log filed the motion to dismiss presently before the Court, (dkt. 39). The Court heard oral argument on September 8, 2014.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The factual matter is sufficient if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Forest Park Pictures v. Universal Television Network, Inc., 683 F.3d 424, 429 (2d Cir. 2012). However, the Court "need not credit legal conclusions couched as factual statements or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." MLSMK Inv. Co. v. JP Morgan Chase & Co., 651 F.3d 268, 270 (2d Cir. 2011) (internal quotation marks omitted).

## DISCUSSION[2]

### A. Negligence (Count One)

With respect to its negligence claim against OM Log, Plaintiff alleges that OM Log, "as the freight forwarder, failed to exercise proper care, custody, and control of the subject cargo, including but not limited to, the selection of carrier, coordination and scheduling of pickup and delivery, and management of subject cargo." It further alleges that OM Log "failed to take reasonable measures and precautions despite clear and present warnings of the impending storm, and did not timely arrange for the transport of the consignment away from the flood risk terminal and did not timely arrange for the delivery and/or pickup of the subject cargo to the ultimate consignee after discharge of the cargo on October 27, 2012." (Am. Compl. ¶¶ 22-23.)

A freight forwarder's responsibilities with respect to the transportation of cargo are ordinarily rather limited. In the maritime context, "[f]reight forwarders generally make arrangements for the movement of cargo at the request of clients and are vitally different from carriers, such as vessels, truckers, stevedores or warehouses, which are directly involved in

---

[2] Both parties consent to the application of New York law to Plaintiff's claims. (See Transcript of Oral Argument, September 8, 2014 ("09/08/14 Tr.") 12:7-9; Memorandum of Law in Support of Motion of Defendant OM Log (USA), Inc. for Order Dismissing Amended Complaint ("Def.'s Mem.") 9.)

3

transporting the cargo." Prima U.S. Inc. v. Panalpina, Inc., 223 F.3d 126, 129 (2d Cir. 2000); see also ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 253 F. Supp. 2d 757, 764 (S.D.N.Y. 2003) ("There is a 'well settled legal distinction between forwarders and carriers'; the former merely arrange for transport, the latter do the 'heavy lifting.'" (quoting Prima, 223 F.3d at 129)), aff'd, 485 F.3d 85 (2d Cir. 2007). "[A] freight forwarder does *not* issue a bill of lading," Prima, 223 F.3d at 129, and "is liable for lost or damaged goods only for its own negligence, including negligence in choosing a carrier," Zima Corp. v. M.V. Roman Pazinski, 493 F. Supp. 268, 274 (S.D.N.Y. 1980).

Plaintiff's bare allegations fail to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although Plaintiff alleges that OM Log did not exercise proper care in selecting the carrier, it provides no support for this allegation. Similarly, Plaintiff's contention that OM Log provided freight forwarding services does not allow for the reasonable inference that OM Log assumed the degree of responsibility for the cargo that Plaintiff's negligence claim demands, or that OM Log would even have been in a position to undertake the precautions Plaintiff suggests it should have taken with respect to the cargo. See Scholastic Inc. v. M/V KITANO, 362 F. Supp. 2d 449, 459 (S.D.N.Y. 2005) (finding unpersuasive shipper's argument "for an expansive notion of the duties of [third-party defendant] as a freight forwarder, which it then argues were performed negligently."). Indeed, the Amended Complaint is so lacking in factual detail that Plaintiff fails to provide even the most basic information about the shipment, including who retained OM Log's services or what role Plaintiff's subrogor played in the shipment.[3] Although the Court does not find persuasive Defendant's argument that OM Log's

---

[3] The sea waybill, which Defendant submitted along with its moving papers, designates KTS as the consignee. (See Declaration of Richard E. Weltman in Support of Motion to Dismiss Amended Complaint of OM Log (USA), Inc. ("Weltman Decl.") Ex. A.)

designation as a "notify party" in the sea waybill forecloses the possibility that OM Log played any other role in the shipment, (see Memorandum of Law in Support of Motion of Defendant OM Log (USA), Inc. for Order Dismissing Amended Complaint ("Def.'s Mem.") 10-11), the lack of detail surrounding the nature of OM Log's services is ultimately fatal to Plaintiff's claim. Accordingly, OM Log's motion to dismiss is granted as to Count One.

### B. Breach of Bailment (Count Two)

With respect to its breach of bailment claim against OM Log, Plaintiff alleges that all "Defendants agreed and promised to perform services and act as carrier or bailee of the shipment, and [D]efendants are liable to [P]laintiff for breach of said agreement and of their obligations as carriers of goods for hire and/or bailees under applicable contracts or law (including federal common law) for the damage and loss to the shipment." (Am. Compl. ¶ 30.)

To establish a bailment under New York law, Plaintiff must show "the intent to create a bailment, delivery of possession of the bailed items, and acceptance of the items by the bailee." Chilewich Partners v. M.V. Alligator Fortune, 853 F. Supp. 744, 756 (S.D.N.Y. 1994).

Plaintiff's breach of bailment claim is once again entirely lacking in factual support. The allegation that Defendant was a bailee is a legal conclusion and nowhere in the Amended Complaint does Plaintiff set forth any facts that would support a reasonable inference that a bailment relationship existed between KTS, or any other relevant actor, and OM Log. Although it is true that the Amended Complaint asserts that OM Log "failed to exercise proper care, custody, and control of the subject cargo," (Am. Compl. ¶ 22), it provides no basis for this stray, conclusory reference to OM Log's "custody" over the cargo. Accordingly, OM Log's motion to dismiss is granted as to Count Two.

## CONCLUSION

OM Log's motion to dismiss the Amended Complaint is granted in its entirety. Plaintiff's claims against OM Log are dismissed without prejudice to the filing of a motion to amend supported by proper factual allegations consistent with Rule 11 of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to close item numbers twenty (20) and thirty-nine (39) on the docket and dismiss OM Log (USA), Inc. as a party to this action.

SO ORDERED.

Dated:     September 16, 2014
           New York, New York

_____
Ronnie Abrams
United States District Judge